FILED
SUPERIOR COURT
OF GUAM

2020 JUN 29 PM 3: 16

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0135-20 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER RE: |
| JONATHAN TORRES TEDTAOTAO, | ) | MOTION FOR BAIL REDETERMINATION |
| | ) | (ELECTRONIC MONITORING) |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

This matter came before the Honorable Maria T. Cenzon on Defendant Jonathan Torres Tedtaotao's ("Defendant" or "Tedtaotao") Motion and Application for Bail Redetermination (the "Motion") seeking his release on personal recognizance or under the electronic monitoring program. During several remote hearings[1] which were attended by Defendant, his counsel the Alternate Public Defender, and the counsel for the People of Guam, arguments were presented both in favor and in opposition to Tedtaotao's release and the Court received information from Pre-Trial Services with respect to whether the Defendant qualifies for release on the electronic monitoring program based on guidelines set forth in the program packet. The Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the Local Rules of the Superior Court of Guam. After having received and reviewed the papers, arguments and the file herein, the

---

[1] Remote hearings were held on May 15, 2020, June 3, 2020 and June 15, 2020 in order for the parties and Pre-trial Services, Probation Division of the Superior Court of Guam to gather additional information relevant for the Court's determination. Authority for such hearings is pursuant to Administrative Orders ADM20-239, ADM20-254, ADM20-260 and ADM20-265.

Court issues the following Decision and Order GRANTING Tedtaotao's Motion seeking release pursuant to the terms and conditions of the Court's Electronic Monitoring Program.

## DISCUSSION

**I. APPLICABLE LAW GOVERNING MOTIONS SEEKING BAIL MODIFICATION AND RELEASE.**

The Court's analysis of Defendant's Motion begins with 8 GCA § 40.15(b) which states that "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Although the statute enumerates several factors for the Court to consider, they are not exclusive and the Court may consider "any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released." 8 GCA § 40.15(c)(4)(2005). The magistrate judge, guided by these mandates, set cash bail at FIVE THOUSAND DOLLARS ($5,000.00). *Order (Pre-trial Confinement)*, (Criminal Case No. CF0135-20)(March 16, 2020).

Release on the Electronic Monitoring Program is permitted under Section 40.20(c) which allows for the Court to release a person charged upon imposing the "least onerous of the following conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community..." including electronic monitoring. It is noteworthy, however, that no motion was made to the magistrate at the time for Tedtaotao's release under the supervision of the EM program.

//

//

## A.     Tedtaotao's Eligibility for Electronic Monitoring.

Tedtaotao submitted the requisite Electronic Monitoring ("EM") Assessment Packet to pre-trial services in furtherance of consideration for release under the EM program. On May 21, 2020, he was deemed ineligible for participation because: (1) the proposed residence did not have an installed landline, which is a pre-requisite to eligibility, and (2) Defendant's partner Tricia Quninata was previously convicted of Forgery (as a 3rd Degree Felony) and Fraudulent Use of a Credit Card (As a Misdemeanor) in CF262-05. *Decl. Re. Eligibility for Participation in the Electronic Monitoring Program* (Criminal Case No. 0135-20)(May 21, 2020). During the hearings on May 22, June 3 and June 15, additional information about the proposed residence, the neighbors who lived in proximity to the proposed residence and other matters (including that the home was now outfitted with a required landline) was presented to the Court.

Additional factors which the Court now considers to determine whether to accept Pre-Trial Services's determination of eligibility include: (1) that a landline is now installed at the property at significant cost and upon reliance on the Court's tentative set forth on May 15; (2) that Ms. Quinata (who will be residing with Tedtaotao at the residence) has fully satisfied all terms of her probation associated with the case identified in the declaration in ineligibility and has not been charged with any new offenses in the over 9 years in which she has fully satisfied all obligations in any criminal proceedings against her; (3) that the proximity of the completely separate residence of an individual who has previously been convicted of a felony, without more, is not sufficient to deny Tedtaotao's release on electronic monitoring; (4) that Tedtaotao has expressed a desire and willingness to continue with out-patient treatment programs at Lighthouse Recovery Center or other appropriate treatment facility; and (5) that EM device will act to ensure that Tedtaotao is fully compliant with house arrest mandates which serves to protect the

community and will also ensure his continued appearance and compliance with all release orders. The Court also acknowledges its authority to override the determination by Probation and, based on the additional facts presented to the Court during the several hearings, finds that there is ample good cause to override the findings (one of which has been fully rectified and at significant expense of the Defendant's family) set forth in Pre-Trial Services Declaration of May 21, 2020. The Court finds that the reasons set forth in May 21 Declaration have been addressed to its satisfaction and, therefore, participation in the EM release program is appropriate.

## CONCLUSION

After careful and considered deliberation over the course of no less than three separate hearings and upon consideration of the general principles behind the implementation of the EM program for , the factors enumerated herein, as well as the state of emergency in which the island remains, the Court GRANTS the Motion for Reconsideration. This matter shall be brought before the Court on **Wednesday, July 1, 2020 at 1:00 p.m.** for a Bail Modification Hearing in order to order pre-trial EM release conditions in the presence of the Defendant and the parties. Notices of Remote Proceedings shall be forthcoming.

SO ORDERED this _June 29, 2020_

**Honorable Maria T. Cenzon**
Judge, Superior Court of Guam